# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JUDITH SCRASE, | |
|         Plaintiff(s), | Case No. 2:09-2398-RLH-LRL |
| vs. | **O R D E R**<br>(Motion to Set Aside Default–#11) |
| WILLIAM K. DICKINSON, | |
|         Defendant(s). | |

      Before the Court is Defendant Dickinson's **Motion to Set Aside Default** (#11, filed September 28, 2010), and Notice of Failure to File Opposing Points and Authorities (#12). The Motion will be granted on its merits and because of Plaintiff's failure to file opposing points and authorities.

      The Clerk's Default filed in error. Federal Rule of Civil Procedure 4(i)(3) requires that when a United States government employee is sued in his personal capacity, Plaintiff must also serve the United States. See Fed. R. Civ. P. 4(i)(1) and (3)  That was not done here. Accordingly, the time period for Dickinson to respond to the amended complaint (#4) has not even begun, much less expired. Furthermore, Fed. R. Civ. P. 12(a)(3) provides that when a federal employee is sued in his individual capacity, he has sixty days in which to respond to the complaint.       Accordingly, the entry of Default (#10) conflicts with Rules 4(i)(1), (3) and 12(a)(3), and must be set aside.

////

Furthermore, Local Rule 7-2(d) provides that failure to file points and authorities in opposition to a motion constitutes a consent that the motion be granted. *Abbott v. United Venture Capitol, Inc.* 718 F.Supp. 828, 831 (D. Nev. 1989). It has been said these local rules, no less than the federal rules or acts of Congress, have the force of law. *United States v. Hvass*, 355 U.S. 570, 574-575 (1958); *Weil v. Neary*, 278 U.S. 160, 169 (1929); *Marshall v. Gates*, 44 F.3d 722, 723 (9th Cir. 1995). The United States Supreme Court itself has upheld the dismissal of a matter for failure to respond under the local court rules. *Black Unity League of Kentucky v. Miller*, 394 U.S. 100, 89 S. Ct. 766 (1969).

Accordingly, Plaintiff's failure to file points and authorities in opposition to the Motion to Set Aside Default constitutes her consent that the motion be granted.

Finally, Federal Rule of Civil Procedure 4(m) requires proper service within 120 days of the filing of the complaint. Plaintiff has already exceeded that time limit. Because Plaintiff was under the impression that she had properly served the Defendant, the Court will grant her an extension of thirty (30) days from the date of this Order in which to effect service according to the rules. Failure to do so will result in the dismissal of the complaint.

IT IS THEREFORE ORDERED that Defendant's Motion to Set Aside Default (#11) is granted, and the Clerk's Default entered herein is HEREBY SET ASIDE.

IT IS FURTHER ORDERED that Plaintiff has thirty(30) days from the date of this order to properly serve the Defendant or the complaint will be dismissed.

Dated: November 29, 2010.

_____
**Roger L. Hunt**
**Chief United States District Judge**

2