# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| JUDITH SCRASE, | ) | Case No.: 2:09-cv-02398-RLH-GWF |
| Plaintiff, | ) ) ) | **O R D E R** |
| vs. | ) ) | (Motion to Dismiss–#24) |
| WILLIAM K. DICKINSON, | ) ) | |
| Defendant. | ) ) | |

   Before the Court is Defendant William K. Dickinson's **Motion to Dismiss** (#24, filed Feb. 7, 2011) for failure to state a claim and for lack of subject matter jurisdiction. The Court has also considered Plaintiff Judith Scrase's Opposition (#26, filed Feb. 22, 2011), and Dickinson's Reply (#28, filed Mar. 4, 2011).

## BACKGROUND

   This case arises out of Scrase's eviction from a mobile home space at the Lake Mead RV Village. The RV Village is operated by a private contractor hired by the United States government. Dickinson is the superintendent of the RV Village. Scrase alleges that Dickinson prevented her from appealing her eviction and from selling her mobile home, which was purportedly worth $24,000. Instead, Scrase claims, Dickinson had her mobile home dismantled

and moved to the "graveyard," presumably a scrap heap. Scrase filed suit in December 2009 asserting a claim under the Takings Clause of the Fifth Amendment as well as two state common law tort claims. Dickinson has now asked the Court to dismiss the case for failure to state a claim and for lack of subject matter jurisdiction. For the reasons discussed below, the Court grants Dickinson's motion.

## DISCUSSION

### I. Motion to Dismiss Legal Standard

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (internal citation omitted).

### II. Analysis

#### a. Scrase's Claim under the Takings Clause of the Fifth Amendment

Scrase alleges in Count I of her complaint that Dickinson, a federal officer, violated the Takings Clause of the Fifth Amendment when he refused to allow her to appeal her eviction and sell her mobile home, which she claims is worth $24,000. In *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388, 397 (1971), the Supreme Court "recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights." *Correctional Services Corp. v. Malesko*, 534 U.S. 61, 66 (2001). However, the Supreme Court has limited the application of *Bivens* to the Fourth Amendment, *Bivens*, 403 U.S. at 397, the Due Process Clause of the Fifth Amendment, *Davis v. Passman*, 442 U.S. 228,

1   243–44 (1979), and the Cruel and Unusual Punishments Clause of the Eighth Amendment,
2   *Carlson v. Green*, 446 U.S. 14, 18–19 (1980).  The Supreme Court has not extended *Bivens* to the
3   Takings Clause of the Fifth Amendment.  And because there is an alternative, equally effective
4   remedy available for alleged Takings Clause violations—the Tucker Act, 28 U.S.C. § 1491—this
5   Court recognizes, as other courts have,[1] that there is no implied private right of action under
6   *Bivens*.  *Malesko*, 534 U.S. at 70 (*Bivens* properly extended where Plaintiff lacked an alternative
7   remedy for relief).  Therefore, Scrase has failed to state a claim under Count I of her complaint.
8           However, even if Scrase did properly state a claim under Count I, the claim still
9   fails because it is time-barred.  The appropriate statute of limitations for *Bivens* claims is the forum
10  state's statute of limitations for personal injuries.  *Wilson v. Garcia*, 471 U.S. 261, 276 (1985);
11  *Van Strum v. Lawn*, 940 F.2d 406, 409–10 (9th Cir. 1991).  Nevada's statute of limitations for
12  personal injuries is NRS 11.190(4)(e), *Perez v. Seevers*, 869 F.2d 425, 426 (9th Cir. 1989), which
13  establishes a two-year limitations period.  Scrase commenced this lawsuit on December 21, 2009,
14  alleging Dickinson violated her rights in December 2006 and January 2007—more than two years
15  earlier.  Therefore, for the foregoing reasons, the Court dismisses Scrase's Takings Clause claim
16  (Count I of her complaint).

17          **b.     Scrase's State Tort Claims**

18          Scrase also asserts two state common law tort claims against Dickinson in Counts II
19  and III of her complaint: interference with prospective business advantage and intentional
20  infliction of emotional distress.  Dickinson argues that the Federal Tort Claims Act, 28 U.S.C.§§
21  1346(b), 2671–2680 ("FTCA") dictates that the Court lacks subject matter jurisdiction over these
22  claims.  The FTCA provides immunity to federal employees for torts committed during the scope
23  of their employment.  28 U.S.C. § 2679(b)(1).  In such case, a plaintiff's exclusive remedy is an
24  action under the FTCA against the United States.  *U.S. v. Smith*, 499 U.S. 160, 163, 166 (1991).

---

[1] *See Reunion, Inc. v. F.A.A.*, No. 3:09CV269TSL-FKB, 2010 WL 1329046, at *7 (S.D. Miss. March 30, 2010); *Anoushiravani v. Fishel*, NO. CV 04-212-MO, 2004 WL 1630240, *9 (D. Or. July 19, 2004).

1  However, it is only "[u]pon certification by the Attorney General that the defendant employee was
2  acting within the scope of his office or employment" that "the United States shall be substituted as
3  the party defendant." 28 U.S.C. § 2679(d)(1). Thus, an action against the United States is the
4  exclusive remedy for torts committed by federal employees only after the Attorney General has
5  certified that the employee was acting with the scope of his employment.

6  The Attorney General has not filed with the Court a certification that Dickinson
7  was acting within the scope of his employment. Therefore, the FTCA is not applicable and the
8  Court has jurisdiction to hear Scrase's claims as state common law tort claims under its
9  supplemental jurisdiction. 28 U.S.C. § 1367(a), (c). However, NRS 11.190(4)(e) is the statute of
10 limitations that governs tort claims in Nevada and, as discussed above, it establishes a two-year
11 limitations period. The Court therefore dismisses Scrase's common law tort claims (Counts II and
12 III of her complaint) because they are also time-barred under NRS 11.190(4)(e).

### CONCLUSION

14 Accordingly, and for good cause appearing,

15 IT IS HEREBY ORDERED that Dickinson's Motion to Dismiss (#24) is
16 GRANTED.

17 The Court orders the Clerk of Court to close this case.

18 Dated: August 23, 2011

_____
**ROGER L. HUNT**
**United States District Judge**